UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| SERETSE YOUNG, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br><br>-v.-<br><br>ACCOUNT RECOVERY SPECIALISTS, INC. and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Seretse Young  (hereinafter, "Plaintiff" or "Young"), a Kansas resident, brings this Class Action Complaint by and through his attorneys, The Williston Law Firm, LLC, against Defendant Account Recovery Specialists, Inc. (hereinafter "Defendant ARSI"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "the Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual

1

privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as this is the district where Defendant primarily transacts business.

5.      Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events and omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6.      Plaintiff brings this class action on behalf of a class of Kansas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

8.     Plaintiff is a resident of the State of Kansas, County of Riley, with a residence at 2919 Brookville Drive, Manhattan, KS 66502.

9.     Defendant ARSI is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3505 North Topeka, Wichita, KS 67219.

10.     Upon information and belief, Defendant ARSI is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

a.   all individuals with addresses in the State of Kansas;

b.   to whom Defendant ARSI sent an initial collection letter attempting to collect a consumer debt;

c.   that failed to include the mandatory disclosures that interest, fees and costs are continuously accruing, or in the alternative, the creditor/and or Defendant has made the decision to waive accruing interest and fees, and would accept the amount stated on the collection letter as payment in full;

d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, §1692f and §1692g.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a.   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, §1692f and §1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to October 2, 2017, an obligation was allegedly incurred to Geary Community Hospital ("Geary").

23.     The Geary obligation arose out of a transactions involving medical services which were incurred primarily for personal, family or household purposes.

24.     The alleged Geary obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     Geary is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     Geary or a subsequent owner of the Geary debt contracted with Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation  – October 2, 2017 Collection Letter*

28.     On or about October 2, 2017, Defendant sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed to Geary Community Hospital. See a true and correct copy of the Letter attached hereto as Exhibit A.

29.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication provide the consumer with written notice of:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

30.     The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

31.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

32.     The top of the letter states "Amount Due: $234.00 + interest to date $12.11".

33.     The letter fails to disclose to the consumer whether the account will continue to accrue fees and interest.

34.     Failure to account for the accrual of fees and interest or the breakdown of same is deceptive and misleading as Plaintiff  was unable to determine whether interest and fees would continue to accrue until the debt is settled.

35.     If interest and fees will continue to accrue during the collection process, the collection letter must explicitly state so accordingly.

A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.*** We think that requiring such disclosure best achieves the Congressional purpose of full and fair

disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)

Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

36.     Furthermore, if the account is incurring interest and fees, the balance claimed due and owing in the collection letter may not be the amount due at the time of payment because of additional interest and fees applied to the account.

37.     The addition of the undefined interest and fees and the threat of a balance increase overshadows the "g-notice" language and coerces the Plaintiff not to exert his rights under the Fair Debt Collection Practices Act.

38.     Specifically, Plaintiff believed she had to pay the debt immediately to avoid an additional fee and interest charge because Defendant failed to advise him as to the nature and frequency of the imposition of these costs.

39.     Defendant's failure to disclose more information about the accrual of interest and fees was confusing to Plaintiff since it was unclear as to if and when his account would continue to be charged additional fees and interest.

40.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

41.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

43.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44.     Defendant violated §1692e by making a false and misleading representation in violation of §1692e(10).

45.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>COUNT II</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.***

46.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692f.

48.     Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means in  connection with the collection of any debt.

49.     Defendant violated this section by unfairly overshadowing Plaintiff's right to validate or dispute the debt provided him under the FDCPA.

50.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

51.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

53.      Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.   A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

54.   The Defendant violated 15 U.S.C. §1692g, by failing to disclose whether the debt would continue to accrue fees and interest which overshadows the "g-notice" language and coerces the consumer not to exert its rights under the FDCPA.

55.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

57.   Plaintiff requests that trial be held in the above captioned matter at the Robert J. Dole Federal Courthouse in Kansas City, Kansas.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Seretse Young, individually and on behalf of all others similarly situated, demands judgment from Defendant Account Recovery Specialists, Inc., as follows:

1.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Keith N. Williston, Esq. as Class Counsel;

2.   Awarding Plaintiff and the Class statutory damages;

3.   Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:  August 14, 2018                    Respectfully Submitted,

                                           **THE WILLISTON LAW FIRM, LLC**

                                           */s/ Keith N. Williston*
                                           Keith N. Williston, Esq.
                                           KS Fed# 78645
                                           201 SE Williamsburg Drive
                                           Blue Springs, MO 64014
                                           Phone: (913) 207-5450
                                           willistonkeith@yahoo.com
                                           *Attorneys For Plaintiff*